IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 13 B 18035 |
| Jose Antonio Ramirez and Mona Lisa Blakely ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| ) | |
| Jose Antonio Ramirez and Mona Lisa Blakely ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ADV. NO. 13 AP 00764 |
| Deutsche Bank National Trust Company ) | |
| ) | |
| ) | |
| Defendant. ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. **The Parties**

1. The Plaintiffs are Jose Antonio Ramirez and Mona Lisa Blakely ("Plaintiffs").

2. The Defendant is Deutsche Bank National Trust Company ("Defendant").

B. **Factual Background**

1. On or about April 29, 2013, Plaintiffs filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. Plaintiffs own the real estate commonly known as 4836 W. Hutchinson Street, Unit 102, Chicago, IL 60641.

3. That OneWest Bank holds a first mortgage lien on the real property commonly known as 4836 W. Hutchinson Street, Unit 102, Chicago, IL 60641, with a secured claim of $186,075.00 pursuant to the Plaintiffs' recent credit report.

4. The Defendant holds a second mortgage lien on the real property known as 4836 W. Hutchinson Street, Unit 102, Chicago, IL 60641 in the approximate amount of $37,792.53 pursuant to the proof of claim filed on May 20, 2013.

5. On May 8, 2013, Danny P. Jamison conducted a residential real estate appraisal on Plaintiffs' property. Said property appraisal reflects the value of 4836 W. Hutchinson Street, Unit 102, Chicago, IL 60641 to be $61,000.00.

6. The Modified Chapter 13 Plan filed on July 10, 2013, provides that the Plaintiffs will make monthly payments to the Chapter 13 Trustee in the amount of $325.00 per month for 36 months.

7. Under the Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claims.

8. On June 5, 2013, Plaintiffs issued an alias summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiffs' property located at 4836 W. Hutchinson Street, Unit 102, Chicago, IL 60641.

9. That on June 5, 2013, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to the Defendant, Stefan Krause, CFO, Deutsche Bank National Trust Company, 60 Wall Street, New York, NY 10005, via regular U.S. Mail, Henry Ritchotte, COO, Deutsche Bank National Trust Company, 60 Wall Street, New York, NY 10005, via regular U.S. Mail, Deutsche Bank National Trust Company, 300 South Grand Avenue, 41st Floor, Los Angeles, CA 90071, via regular U.S. Mail, Green Tree Servicing LLC, 7340 S. Kyrene Rd. T-120, Tempe, AZ 85283, via regular U.S. Mail, Keith Anderson, President, Green Tree Servicing, LLC, 345 St. Peter Street, 300 Landmark, St. Paul, MN 55102, via

regular U.S. Mail, and also C T Corporation System, registered agent for Green Tree Servicing LLC, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604, via regular U.S. Mail.

10. The alias summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been presented to challenge the property value of $61,000.00.

13. The first secured claim of OneWest Bank in the amount of $186,075.00 exhausts the value and equity in Plaintiffs' residence.

14. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

**A.   Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**B.   Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. Plaintiffs scheduled the first secured claim of OneWest Bank in the amount of $186,075.00, and the second secured claim of Deutsche Bank National Trust Company (Green Tree Servicing, LLC) in the amount of $37,792.00.

5. That value of Plaintiffs' residence is $61,000.00.

6. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. *11 U.S.C. §349(b)(1)(C)*. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. §506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 324 (1993).  See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357 (11th Cir. 2000).

Dated: 8/1/13

Enter:

United States Bankruptcy Judge
AUG 0 2 2013

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625